## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ARTREZE JONES
1684 Broad River Rd
College Park, GA 30349

                              Plaintiff,

        v.

UNITED STATES DEPARTMENT OF DEFENSE
1400 Defense Pentagon,
Washington, DC 20301-1400

                              Defendant.

**REDACTED**

**Case No. 22-cv-1513**

## COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY RELIEF

# REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

8.                          REDACTED

---

REDACTED

REDACTED

II.   **JURISDICTION AND VENUE**

9.      Jurisdiction in this Court is based on a federal question and is proper under 28 U.S.C. §§ 1331, 2201, and 2202.  Plaintiff seeks relief under the APA, 5 U.S.C. § 701 *et seq*.

10.     This judicial district is the proper venue to hear this dispute because the Department of Defense and the Army reside in Washington D.C. and the acts or omissions giving rise to this lawsuit took place in the judicial district of the District of Columbia. 28 U.S.C. § 1391(b)(1).  Venue is also proper under 5 U.S.C. §703 because this is a court of competent jurisdiction.

11.     The PDBR's decision constitutes final agency action for which there is no other adequate remedy in a court.  *See* 5 U.S.C. § 704.

12.     In accordance with 28 U.S.C. §2501, this action is brought within six years of the PDBR's decision denying relief.

III.  **PARTIES**

13.     Plaintiff Artreze Jones served in the Army from July 1999 until March 2005, when he was honorably discharged due to his medical conditions.  Mr. Jones is a United States citizen and currently resides in College Park, Georgia.  Throughout his service, Mr. Jones was a member of a regular component of the armed forces entitled to basic pay, and therefore is an eligible member as required for disability retirement under the Career Compensation Act of 1949. 10 U.S.C. § 1201(a), (c).

14.     Defendant DoD, 1400 Defense Pentagon, Washington D.C. 20301-1400, is a department of the Executive Branch of the United States Government.  The Secretary of the Army is the head of the Department of the Army, which is a branch of the DoD.  The DoD is an

agency of the United States as defined by the APA, 5 U.S.C § 701(b)(1), and falls within the

scope of 28 U.S.C. § 1391.  The PDBR is an organization within the Office of the Secretary of

Defense, and DoD Instruction 6044.44 (July 2, 2015) governs the operation of the PDBR.

IV.    **BACKGROUND**

   **A.  Factual Background**

   **1.  Mr. Jones's Injury During Service**

15.    Mr. Jones volunteered to the United States Army on July 14, 1999, at the age of

26, and served honorably for a period of 5 years and 4 months.  During the first two years of

service, Mr. Jones operated heavy construction equipment, completed a one-year tour in Korea,

and was promoted to the rank of Specialist at paygrade E-4.  The record shows that Mr. Jones

was committed to military service, had ambitions to continue his education to advance his

military career, and was awarded for good conduct.

16.                            REDACTED

18.                              REDACTED

22.                              REDACTED

REDACTED

23.                    REDACTED

26.                          REDACTED

**3.**                              REDACTED

34.                               REDACTED

### B.  Legal and Medical Background of the Military Disability Evaluation System

#### 1.  Army Separation Procedures

36.     10 U.S.C. §§ 1201-1222 grant the DoD the authority to determine whether a member of the military is medically fit for duty, and if not, whether that member should receive a disability rating and compensation for the medical condition.  A disabled Army service member's review process begins with an examination by an Army physician to determine whether the member is qualified to perform her duties.  Army Regulation 635-40, ¶ 4-10.  If determined unqualified, the member is referred to the MEB, which determines if the member's medical condition meets medical retention standards.  *Id.*  If the MEB determines that the member does not meet these standards, the MEB refers the soldier to the PEB for a fitness evaluation.  *Id.* ¶ 4-12.  The PEB conducts a review of the case file, investigates the nature and permanency of the member's condition, and determines whether any medical conditions

individually or collectively cause the member to be unfit for continued military service.  *Id.* ¶ 4-22.

37.     DoDI 1332.38 sets out the general criteria for determining unfitness due to disabilities. "In making a determination of a member's ability to so perform his/her duties, the following criteria may be included in the assessment: [whether t]he medical condition represents a decided medical risk to the health of the member or to the welfare of other members were the member to continue on active duty or in Active Reserve status[; whether t]he medical condition imposes unreasonable requirements on the military to maintain or protect the member[; and t]he Service member's established duties during any remaining period of reserve obligation."  DoDI 1332.38, Encl. 3, Part 3.2.2.

38.     If the PEB determines that the member is unfit, it applies percentage ratings to the unfitting conditions based on the VASRD. 10 U.S.C. § 1216a(b).

39.     Federal law requires the MEB and PEB to strictly follow the VASRD in effect at the time. 10 U.S.C. § 1216a.  A service member must receive a disability rating of at least 30% under the VASRD to qualify for disability retirement. 10 U.S.C. § 1201(b)(3)(B).  With a disability rating under 30%, a service member may be separated from service with severance pay, but is not eligible for disability retirement.  *Id*; 10 U.S.C. § 1203(a).

### 2.  Congress Seeks to Harmonize Army and VA Disability Determinations

40.     In January 2008, Congress enacted the Dignified Treatment of Wounded Warriors Act of 2008 ("DTWWA"), requiring the DoD to establish the PDBR to review the combined disability ratings of medically separated veterans. 10 U.S.C. § 1554a(a)(1).  The PDBR is a joint service military review board responsible for reviewing the appeals of veterans who challenge their disability ratings and for making recommendations to military departments concerning

those ratings.  The PDBR was intended to address concerns that military departments were not

accurately and consistently assigning disability ratings through the PEB and MEB processes,

especially in comparison with the VA processes.

41.  Following the enactment of the DTWWA, the DoD issued its Instruction

("DoDI") 6040.44, which created the PDBR and its governing policies.  It is the purpose of the

PDBR to "reassess the accuracy and fairness of the combined disability ratings assigned former

Service members who [w]ere separated, with a combined disability rating of 20% or less during

the period beginning on September 11, 2001, and ending on December 31, 2009, due to unfitness

for continued military service, resulting from a physical disability."  DoDI 6040.44.

Accordingly, the PDBR must "operate in a transparent and accountable manner.  The PDBR has

no greater obligation to wounded, ill, and injured former Service members than to offer fair and

equitable recommendations pertaining to the assignment of disability ratings."  DoDI 6040.44.

42.  Because Mr. Jones's separation from the military occurred before January, 28,

2008, the PDBR must apply the VASRD along with all applicable statutes in effect at the time of

separation.  DoDI 6040.44, Encl. 43, § 4f(1).  Additionally, the PDBR is required to "obtain VA

rating determinations," "[c]ompare any VA disability rating . . . with the PEB combined

disability rating; and [] [c]onsider any variance in its deliberations . . . particularly if the VA

rating was awarded within 12 months of . . . separation."  DoDI 6040.44, Encl. 3, § 4a(5)(a)-(b).

The PDBR must "review the complete case record that served as the basis for the final . . . PEB

rating [] and, to the extent feasible, collect all the information necessary for competent review

and recommendation."  DoDI 6040.44, Encl. 3, § 4d.

43.  DoDI 6040.44 lists the four types of recommendations the PDBR can make to the

Army.  The PDBR can recommend to not re-characterize the veteran's separation, to re-

characterize the veteran's separation, to modify the disability rating, or to issue a proposed new disability rating.

44.     The Army, then, issues a final order that can modify or accept the recommendations of the PDBR.  Generally, when the Army accepts the PDBR's recommendation—as the Army did here—the PDBR's recommendation contains the only substantive discussion of the evidence and the law.  DoDI 6040.44, Encl. 3, § 3f.

**3.**                        REDACTED

REDACT

REDACTED

# REDACTED

REDACTED

58.                              REDACTED

63.                             REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

s

REDACTED

REDACTED

REDACTED

### C.  The PDBR Failed to Apply the Benefit of the Doubt Under 38 C.F.R § 3.102

84.     A rational review of the evidence does not support the PDBR's 20% disability

rating.

85.     But even if it did, the PDBR failed to properly apply 38 C.F.R § 3.102.  Known as

"Benefit of the Doubt" rule, this states that "[w]hen after careful consideration of all procurable

and assembled data, a reasonable doubt arises regarding . . . the degree of disability . . . such doubt will be resolved in favor of the claimant."[3]

REDACTED

REDACTED

# REDACTED

**VI.     LEGAL CLAIMS**

REDACTED

REDACTED

Dated: May 29, 2022

**LATHAM & WATKINS LLP**

By:/s/ Margaret A. Upshaw

> Margaret A. Upshaw (DC Bar No. 156456)
> Serrin Turner*
> Ben Clinger*
> David Leopard*
> 1271 Avenue of the Americas
> New York, NY 10020
> Tel: (212) 906-1200
> Fax: (212) 751-4864
> E-mail address: Maggie.Upshaw@lw.com
> E-mail address: Serrin.Turner@lw.com E-mail address: Ben.Clinger@lw.com
> E-mail address: David.Leopard@lw.com
>
> *Pro hac vice applications pending*
>
> NATIONAL VETERANS LEGAL SERVICES PROGRAM

David Sonenshine (DC Bar No. 496138)
Rochelle Bobroff (DC Bar No. 420892)
Esther Leibfarth (DC Bar No. 10164515)
National Veterans Legal Services Program
1600 K Street, N.W. Suite 500
Washington, DC 20006-2833
Tel: (202) 265-8305
Fax: (202)223-9199
E-mail address: David@nvlsp.org
E-mail address: Rochelle@nvlsp.org
E-mail address: Esther@nvlsp.org

*Attorneys for Plaintiffs*