UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARTREZE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1513 (TNM) |
| | ) | |
| UNITED STATES DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

Defendant United States Department of Defense ("DOD"), by and through undersigned counsel, respectfully submits this Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 2) filed by Plaintiff Artreze Jones on March 31, 2022.  Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.  Defendant reserves the right to amend, alter, and supplement this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### [1]INTRODUCTION

1.      This paragraph sets forth Plaintiff's characterization of this action and conclusions of law to which no response is required.

2.   Admitted.

---

[1] For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

3.      Defendant respectfully refers the Court to the record of proceedings for the Physical Disability Board of Review for complete and accurate descriptions of Mr. Jones injuries and denies any allegations inconsistent therewith.

4.      Defendant admits that Mr. Jones received a ███ rating and denies the remainder of the allegations in this paragraph.

5.      Admitted.

6.      Admitted.

7.      Defendant Denies the allegations of paragraph 7, including the subparts.

8.      Denied.

## II. JURISDICTION AND VENUE

9.      Defendant admits that Plaintiff purports to bring this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq.

10.     Admitted.

11.     Admitted.

12.     Admitted.

## III. PARTIES

13.     Defendant admits Plaintiff has served in the United States Army from July 1999 until March 2005.  Defendant admits Plaintiff is a citizen of the United States. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the remainder of the paragraph.

14.     Admitted.

## IV. BACKGROUND

### A.  Factual Background

### 1.  Mr. Jones' Injury During Service

15.     Defendant admits the first two sentences of paragraph 15.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in the remainder of the paragraph.

16.     Defendant admits that Mr. Jones █████████. Defendant lacks knowledge or information sufficient to admit or deny the remainder of the allegations in the paragraph.

17.     Defendant admits that Mr. Jones █████████ and was provided with medical care. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the remainder of the paragraph.

18.     Defendant admits that Mr. Jones received medical care but that he continued to █████████████████. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the remainder of the paragraph.

19.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19.

20.     Defendant admits that Mr. Jones was transferred to the VA hospital and remained there for six weeks. Defendant denies the allegations regarding Mr. Jones ████████.

### 2.  Mr. Jones Lasting Disabilities

21.     Admitted.

22.     Defendant refers the Court to the Army medical evaluation board evaluation for complete and accurate descriptions of Mr. Jones' █████ and denies any allegations inconsistent therewith.

23.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 23.

24.     Defendant refers the Court to Plaintiff's medical documentation for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

25.     Defendant refers the Court to Plaintiff's medical documentation for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

26.     Defendant admits that Mr. Jones ████████████████████████ but ████████████████████. Defendant denies the remainder of the allegations.

27.     Defendant refers the Court to Plaintiff's medical evaluation board for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

28.     Defendant refers the Court to Mr. Jones' physical evaluation for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

29.     Admitted.

### 3.  Mr. Jones' VA Compensation for His RUE and MDD Disabilities

30.     Admitted.

31.     Defendant admits that Mr. Jones ██████████████ from the Veterans Administration but denies the remainder of the allegations in this paragraph.

### 4.  Mr. Jones' Request for a Medical Retirement Through the PDBR

32.     Defendant admits that Mr. Jones applied to the Physical Disability Board of Review and that the Board determined that his ████████████████████.

33.     Defendant refers the Court to Plaintiff's Physical Disability Board of Review for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

34.      This paragraph consists of characterizations of this action and conclusions of law to which no response is required. To the degree a response is required, Defendant denies the allegations.

35.     Defendant admits that the Army adopted the PDBR's recommendations and that it was a final agency action.

### B.  Legal and Medical Background of the Military Disability Evaluation System

#### 1.  Army Separation Procedures

36.     Paragraph 36 contains Plaintiff's characterization of Army separation procedures under Army Regulation 635-40.  Defendant refers the Court to Army Regulation 635-40 for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

37.     Defendant refers the Court to Department of Defense Instruction 1332.38 for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

38. Admitted.

39. Admitted.

#### 2.  Congress Seeks to Harmonize Army and VA Disability Determinations

40.     Admitted

41.     Defendant refers the Court to Department of Defense Instruction 6040.44 for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

42.     Defendant admits that DoDI 6040.44 directs that the board must apply the schedule in effect at the time of separation.

43.     Defendant refers the Court to Department of Defense Instruction 6040.44 for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

44.     Defendant refers the Court to Department of Defense Instruction 6040.44 for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

### 3. The Applicable VASRD Diagnostic Codes and VA Benchmarks

45.    Defendant admits that Mr. Jones ███████████████████████████████████

██████████ Defendant denies the remainder of the allegations in this paragraph.

46.    Defendant refers the Court to 38 C.F.R. § 4.124a for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

47.    Defendant refers the Court to 38 C.F.R. § 4.124a for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

48.    Defendant refers the Court to 38 C.F.R. § 4.6 for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

49.    Defendant refers the Court to the Veterans Benefits Adjudication Procedures Manual for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

50.    Defendant refers the Court to the Veterans Benefits Adjudication Procedures Manual for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

51.    Admitted.

52.    Defendant admits that 38 C.F.R. § 4.130 provides the general policy for rating mental disorders and that ██████████████████████. Defendant refers the Court to 38 C.F.R. § 4.130 for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

## V. THE PDBR'S DECISION TO UPHOLD THE PEB'S 20% RATINGS IS ARBITARY, CAPRICIOUS, UNSUPPORTED BY SUBSTANTIAL EVIDENCE AND CONTRARY TO LAW

53.    Defendant admits Mr. Jones received ████████████████████████████████

54.     Paragraph 54 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**A. The PDBR's Decision Failed to Give Required Probative Weight to the VA's 40% Disability Rating Pursuant to DoDI 6040.44.**

55.     ████████████████████████████████████████████ ███████████████████████████████████████ Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

56.     Paragraph 56 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

57.     Paragraph 57 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

58.     Paragraph 58 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

59.     Paragraph 59 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**B.  The PDBR Based its Rating on Factors Not Relevant to Rating Under the VASRD**

60.     Paragraph 60 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

61.     Paragraph 61 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

62.     Paragraph 62 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

63.     Paragraph 63 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

64.     Paragraph 64 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

65.     Paragraph 65 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

66.     Paragraph 66 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the PDBR decision for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

67.     Paragraph 67 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**C. The** ██████████ **is Not Rationally Connected to the Facts When Viewed in Accordance with M21-1**

68.     Paragraph 68 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the decisions cited for a complete and accurate description of their content and denies any allegations inconsistent therewith.

69.     Paragraph 69 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

70.     Defendant admits that ████████████████████████████ ████████████   The following tests were administered at clinical interview: ██████████ ████████████████████████████████████████ ████████████████████████████████████████

████████████████████████████████████ report for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

71.     Paragraph 71 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the tests cited for a complete and accurate description of their content and denies any allegations or conclusions inconsistent therewith.

72.     Defendant admits the findings of the June 2004 narrative summary but denies the Plaintiff's characterizations of normal or comparisons therein.  Defendant refers the Court to the June 2004 narrative summary report for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

73.     Defendant admits the findings of the June 2004 narrative summary but denies the ████████████████████████████████████.  Defendant refers the Court to the June 2004 narrative summary report for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

74.     Defendant refers the Court to the June 2004 narrative summary report for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

75.     Paragraph 75 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the record cited for a complete and accurate description of their content and denies any allegations or conclusions inconsistent therewith.

76.     Paragraph 76 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  Defendant refers the Court to the record cited for a

complete and accurate description of their content and denies any allegations or conclusions inconsistent therewith.

77.     Paragraph 77 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

### 1. The PDBR Further Failed to Contend with Substantial Evidence Relevant to the Proper Application of M21-1's Benchmarks

78.     Paragraph 78 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

79.     Paragraph 79 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

80.     Paragraph 80 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

81.     Paragraph 81 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

82.     Paragraph 82 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and refers the Court to the PDBR decision for a true and accurate representation of its contents.

83.     Paragraph 83 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**C.  The PDBR Failed to Apply the Benefit of the Doubt Under 38 C.F.R. § 3.102**

84.     Paragraph 84 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

85.     Paragraph 85 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

86.     Paragraph 86 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**D.  The PDBR's Decision to Find Mr. Jones' MDD Fitting is Arbitrary, Capricious, Unsupported by Substantial Evidence, and Contrary to Law**

87.     Defendant admits that Mr. Jones filed an application with the PDBR in May of 2013 and further admits that there was a ███████████████████████████████ Defendant denies the remainder of the allegations in the paragraph.

88.     Paragraph 88 contains characterizations of Plaintiff's legal action and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**1.  The PDBR Failed to Consider that** ████████████████████████ ████████████████████████████████

89.     Defendant admits that the PDBR concluded that ███████████████████
████████████████████████████████ The remainder of paragraph 89 contains
characterizations of Plaintiff's legal action and legal conclusions to which no response is required.

90.     Paragraph 90 contains characterizations of Plaintiff's legal action and legal
conclusions to which no response is required.  Defendant refers the Court to the decision cited for
a complete and accurate description of its content and denies any allegations inconsistent
therewith.

91.     The first sentence of paragraph 91 contains characterizations of Plaintiff's legal
action and legal conclusions to which no response is required.  Defendant refers the Court to the
September 15, 2003 narrative summary report for a complete and accurate description of its
contents and denies any allegations inconsistent therewith.

92.     Paragraph 92 contains characterizations of Plaintiff's legal action and legal
conclusions to which no response is required.  To the extent a response is required, Defendant
denies the allegations.

## VI.   LEGAL CLAIMS

## COUNT I - VIOLATION OF ADMINISTRATI[VE] PROCEDURE ACT

93. Defendant incorporates its responses set forth above.

94. Admitted.

95. Denied.

96. Denied.

97. Denied.

## PRAYER FOR RELIEF

The PRAYER paragraph followed by paragraphs 98 through 101 contain Plaintiff's requested relief to which no response is required.  To the extent a response may be deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses:

### First Defense

Under the Administrative Procedure Act, 5 U.S.C. § 501 et seq., judicial review of a final agency decision is limited to the administrative record of the proceedings below.

### Second Defense

The challenged agency decision was not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.

### Third Defense

All actions taken by the Defendant were grounded in good faith and are not in violation of any federal law.

### Fourth Defense

The Court should deny relief as an exercise of judicial discretion to withhold relief.

### Fifth Defense

Plaintiffs are not entitled to attorney's fees or costs.

### Sixth Defense

The Secretary reserves the right to raise any affirmative defense including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8 that may be supported by the record in this civil action.

Dated: October 7, 2022
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/ *John B. Haberland*_____
     JOHN B. HABERLAND, CT Bar # 426298
     Special Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2574
     john.haberland@usdoj.gov

*Attorneys for the United States of America*